[No. 39205. Department One. November 16, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT CLARENCE GOGOLIN, *Appellant.**

*Michael R. Alfieri* and *Moschetto & Alfieri,* for appellant.

*Charles O. Carroll* and *Herbert L. Onstad,* for respondent.

PER CURIAM.—This is a very simple first-degree forgery case; so simple one wonders why it is here.

The evidence established that the check used was an advertising sample prepared for the Seattle-First National Bank with a fictitious name, "John J. Armstrong Co.," imprinted on it as the maker.

The check was prepared for passing by being made payable to Howard Galyan, a real person, in the amount of $139.32.

The appellant cashed the check at a supermarket, endorsing it as Howard Galyan. He received groceries and cash. After the appellant was arrested, he was identified by the assistant manager of the store, who had authorized the cashing of the check on the basis of the evidence presented by appellant that he was Howard Galyan. There was likewise testimony by a handwriting expert that the endorsement on the check was written by the appellant.

The only defense on the merits was the alibi that appellant was attending a birthday dinner with his wife at the time the check was cashed.

The jury was entitled to believe the state's witnesses and disbelieve the alibi testimony offered on behalf of the appellant.

The legal argument is, in effect, a complaint that the state did not follow the usual procedure of presenting the testimony of a bank officer that the check was rejected because no such account existed.

*Reported in 433 P.2d 695.

Instead, the state relied upon the proof that the forged check, which had been cashed by the appellant, was a sample check; that the name of the purported maker, John J. Armstrong Co., was fictitious and had been supplied to the printer by the bank along with a fictitious account number (1234 567). An officer of the bank testified there was no such account in the bank in that name or having that number. All the elements of forgery were clearly established.

The judgment of conviction and sentence, based on the jury's verdict of guilty of first-degree forgery, is affirmed.